IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| CEDRIC MCNEAL | § | |
| VS. | § | CIVIL ACTION NO. 9:24-cv-151 |
| WARDEN, GIB LEWIS UNIT, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Cedric McNeal, an inmate confined at the Gib Lewis Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this action against prison officials pursuant to 42 U.S.C. § 1983.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge, for findings of fact, conclusions of law, and recommendations for the disposition of the case.

## Discussion

Plaintiff complains that he has been denied a promotion in time-earning classification to SAT-1 or SAT-2 on March 15, 2024 and June 11, 2024. Plaintiff asserts that he has filed numerous grievances regarding the alleged denial of a promotion in time-earning classification, but the situation has not been resolved.

## Analysis

*I.    Due Process*

Plaintiff complains that he has been denied a promotion in time-earning classification to SAT-1 or SAT-2. Liberally construed, plaintiff's complaint is interpreted as asserting a claim that he was denied a promotion in time-earning classification without due process. State-created liberty interests protected by the Due Process Clause, however, are generally limited to freedom from restraint imposing an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472 (1995).

In *Sandin*, the Court adopted a new and different methodology for determining whether a state has created a protected liberty interest to benefit prison inmates. *Id*. at 477-484. Rather than focusing on the presence or absence of mandatory statutory or regulatory language, [ See, e.g., *Hewitt v. Helms*, 459 U.S. 460 (1983).] the Supreme Court determined that the reviewing court should consider the nature of the challenged state action and whether it involved such a significant departure from normal prison conditions that the state might have conceivably created a liberty interest. *Id*. at 481.

Protected "interests are generally limited to state-created regulations or statutes which affect the quantity of time rather than the quality of time served by a prisoner." *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). The denial of the opportunity for an inmate to reduce his sentence through the accrual of good-time credits does not implicate a constitutionally protected liberty interest. *See Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) ("the mere opportunity to earn good-time credits [does not] constitute a constitutionally cognizable liberty interest sufficient to trigger the protection of the Due Process Clause."), *cert. denied, Luken v. Johnson,* 116 S. Ct. 1690 (1996); *Moody v. Baker*, 857 F.2d 256, 257-58 (5th Cir.) ("An inmate has neither a protectible property nor liberty interest in his custody classification . . . ."), *cert. denied*, 488 U.S. 985 (1988); *see also Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997) ("[T]he Due Process Clause does not protect every change in the conditions of confinement which has a substantial adverse affect upon the prisoner"). Therefore, plaintiff's claim is frivolous and fails to state a claim upon which relief may be granted.

## II.     Grievance Procedure

Plaintiff also complains that he has filed numerous grievances regarding the alleged denial of a promotion in time-earning classification, but the situation has not been resolved. Inmates, however, do not have a constitutionally protected liberty interest in having their grievances resolved to their satisfaction, and so there is no violation of due process when prison officials fail to do so. *Geiger v. Jowers,* 404 F.3d 371, 373-74 (5th Cir.2005). Accordingly, plaintiff's claim is frivolous and fails to state a claim upon which relief may be granted.

<u>Recommendation</u>

The above-styled action should be dismissed as frivolous and for failing to state a claim upon which relief may be granted.

<u>Objections</u>

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 13th day of August, 2024.

_____
Zack Hawthorn
United States Magistrate Judge